# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO  DIVISION

**KATHERINE CROOKER,**

        **Plaintiff,**

**v.**                                                             **Case No: 6:20-cv-176-LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OF DECISION

Katherine Crooker ("Claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability benefits.  (Doc. 1).  The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings.  (Doc. 22 at 15-19, 33-36, 39).  The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed.  (*Id*. at 20-33, 36-39).  Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

## I.    Procedural History

This case stems from the Claimant's February 14, 2018 application for disability insurance benefits, in which she alleged a disability onset date of August 5, 2016.  (R. 166-67).  The application was denied on initial review and on reconsideration.  The matter then proceeded before an ALJ, who held a hearing on June 11, 2019.  (R. 29-58).  The Claimant and her representative attended the hearing.  (*Id*.).  On August 28, 2019, the ALJ entered a decision denying the

Claimant's application for disability benefits.  (R. 15-24).  The Claimant requested review of the

ALJ's decision, but the Appeals Council denied her request.  (R. 1-3).  This appeal followed.

## II.    The ALJ's Decision

The ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a)(4)

in reaching her decision.[1]  First, the ALJ found the Claimant met the insured status requirements

of the Social Security Act through June 30, 2022, and that she has not engaged in substantial gainful

activity since the alleged onset date.  (R. 17).  The ALJ next found that the Claimant suffers from

the following severe impairments: spine disorder; intervertebral disc disorder with radiculopathy;

hypertension; obesity; depressive disorder; ADHD; and personality and impulse control disorder.

(*Id.*).  The ALJ found that none of the Claimant's impairments, individually or in combination, met

or medically equaled any listed impairment.  (R. 17-19).

The ALJ found that the Claimant has the residual functional capacity ("RFC") to perform

less than a full range of light work as defined by 20 C.F.R. § 404.1567(b)[2] with the following

specific limitations:

> [S]he can lift 20 pounds occasionally and 10 pounds frequently.  She can
> sit/stand/walk for 6 hours within an 8-hour workday.  She can occasionally climb,

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.  *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

stoop, and crawl.   The claimant must avoid concentrated exposure to hazards.   The claimant can occasionally interact with the public, co-workers, and supervisors.   The claimant can perform simple tasks.

(R. 19).   In light of this RFC, the ALJ found that the Claimant is unable to perform her past relevant work.   (R. 22-23).   However, the ALJ found the Claimant can perform other work in the national economy, including work as an addresser, document preparer (microfilming), and parimutuel-ticket checker.   (R. 23-24).   Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (August 5, 2016) through the date of the decision (August 28, 2019).   (R. 24).

## III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.   **Analysis**

The Claimant raises two assignments of error: 1) the ALJ did not sufficiently explain her reasoning for rejecting Dr. Amer Ansari's opinion; and, 2) the ALJ failed to sufficiently articulate reasons in support of her credibility determination.  (Doc. 22 at 15-19, 33-36).  The Court will begin with the second assignment of error as it is dispositive of this appeal.

**A.  Credibility**

The Claimant contends that the ALJ "did not address [her] testimony about her pain or articulate specific reasons for discrediting [her testimony]." (Doc. 22 at 35).  Upon consideration of the parties' respective arguments, the Court agrees with the Claimant.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work.  20 C.F.R. § 404.1529(c)(1).  In doing so, the ALJ considers a variety of evidence, including the claimant's history, the medical records and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.  *Id*. at § 404.1529(c)(1)-(3).  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62.  The Court will not disturb a clearly

articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

The ALJ considered the Claimant's allegations and testimony, stating:

> The claimant's allegation of disability arising from spine disorder; intervertebral disc disorder with radiculopathy; hypertension; obesity; depressive disorder; ADHD; personality and impulse control disorder prevents her from working and from performing usual activities of daily living.  Associated symptoms include, back pain, left hand neuropathy, muscle spasms, nausea, panic attacks, and anxiousness. Because of these symptoms, she reportedly has difficulty lifting, squatting, bending, standing, reaching, climbing stairs, sitting, kneeling, walking and sitting for prolonged periods.  Due to her mental impairments, the claimant also alleges difficulty completing tasks, concentration, and getting along with others (Ex. 1E, 5E and 7E; Testimony).  Side effects from medication reportedly include dizziness and sleepiness.  At the hearing, the claimant testified that she is afraid to walk due to leg giving out.  She reported that she has gained about 100 pounds since she stopped working.  She testified that when she is depressed, she turns to food for her support. However, she has started swimming to get exercise in.

(R. 20).  After this summary, the accuracy of which the Claimant does not challenge, the ALJ proceeded to discuss the medical evidence of record.  (R. 20-22).  The ALJ then proceeded to address whether the Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were supported by the record:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the records for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the record does not support a finding of disability.  Instead, the record demonstrates that treatment was effective in managing the claimant's symptoms.  The claimant reported the ability to take care of her pets, drive, shop in stores, and manage finances (Ex. 5E).

(R. 22).  The ALJ said nothing more in support of her credibility determination.  (*See* R. 15-24).

The first of the two paragraphs encapsulating the ALJ's credibility determination is typical of boilerplate credibility determinations found in most Social Security decisions.  *See Howell v. Astrue,*

No. 8:10-cv-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are common) *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011).   These standardized paragraphs are routinely found to lack sufficient rationale for the Court to determine whether the ALJ's credibility determination is supported by substantial evidence.   *E.g. Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-Orl-GJK, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016).   This case is no different.   It is unclear to which "reasons" the ALJ is referring in support of her credibility determination.   The Court therefore looks to the second and final paragraph of the ALJ's credibility determination to determine whether the ALJ has "articulate[d] explicit and adequate reasons" for only partially crediting the Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms.   *See Foote*, 67 F.3d at 1562.

The ALJ provides what appears to be three reasons in support of her otherwise boilerplate credibility determination: 1) the Claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are inconsistent because the record does not support a finding of disability; 2) the record demonstrates that treatment was effective in managing the Claimant's symptoms; and 3) the claimant reported the ability to take care of her pets, drive, shop in stores, and manage finances.   (R. 22).   As the Claimant argues, the first two reasons are not sufficiently explicit for the Court to determine whether they support the ALJ's credibility determination.   The ALJ appears to be relying on her discussion of the medical evidence of record.   However, by failing to refer or cite to any of the specific records on which the ALJ is relying, such as treatment records showing improvement in the Claimant's symptoms, the ALJ has placed the Court in the position of having to determine for itself what evidence the ALJ relied upon.   The Court, however, is not permitted to engage in what would essentially be a reweighing of the evidence.   *See Phillips*, 357

F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'").   Therefore, the ALJ's first two reasons are not sufficiently explicit to allow the Court to determine whether they support her credibility determination.   *See Robinson v. Astrue*, No. 8:08-cv-1824-T-TGW, 2009 WL 2386058, at \*3-4 (M.D. Fla. Aug. 3, 2009) (concluding that when an ALJ fails to provide specific reasons for his determinations, then the ALJ's general statements do not "permit meaningful judicial review").

The Commissioner attempts to overcome the ALJ's failure to identify evidence supporting her first two reasons by pointing to evidence that he believes supports those reasons.   (Doc. 22 at 37-38).   However, since the ALJ did not specifically cite to or discuss the evidence highlighted by the Commissioner, the Court is not permitted to consider the Commissioner's *post hoc* rationalizations in determining whether the ALJ's first two reasons support her credibility determination.   *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   To make such assumptions would also necessarily require the Court to reweigh the evidence, which is prohibited. *See Phillips*, 357 F.3d at 1240 n.8.

The ALJ's third and final reason, while grounded in evidence (Doc. 22 (citing Exhibit 5E)), falls short of supporting the credibility determination.   The ALJ points to the Claimant's stated ability to "take care of her pets, drive, shop in stores, and manage finances" as evidence that the Claimant is not as limited as she alleges to be.   (*Id*.).   While the ALJ may consider a claimant's activities of daily living when assessing the claimant's allegations concerning the limiting effects of their impairments, *see* 20 C.F.R. § 404.1529(c)(3), courts have "found reversible error when an ALJ detracts from a [c]laimant's credibility based on daily living activities that have no relationship with

a claimant's alleged impairments, especially if such activities are of a short duration, limited, and not vigorous." *Dees v. Comm'r of Soc. Sec.*, No. 6:17-cv-1052-Orl-41GJK, 2018 WL 1720937, at *3 (M.D. Fla. Feb. 13, 2018) (citing authority) *report and recommendation adopted by,* 2018 WL 1705644 (M.D. Fla. Apr. 9, 2018).   Here, it is not clear from the ALJ's decision how the activities she highlights undermines the Claimant's allegations, especially considering the short duration of many of these activities.   Absent some explanation how the activities identified by the ALJ undermines the Claimant's allegations, the Court finds the ALJ's reliance on the enumerated activities is insufficient to support her credibility determination.   *See Dees*, 2018 WL 1720937, at *3 (finding that the ALJ erred by considering evidence in assessing claimant's credibility that the claimant occasionally picks her daughter up from school and other functions, cooks simple meals, takes care of her personal needs, does laundry and light household chores when her pain allows, drives once or twice per week, uses a computer and phone, manages her finances, and shops while leaning onto a cart); *Lafond v. Comm'r of Soc. Sec.*, No. 6:14-cv-1001-Orl-DAB, 2015 WL 4076943, at *10 (M.D. Fla. July 2, 2015) (finding that the ALJ erred by considering evidence in assessing claimant's credibility that the claimant drove short distances, washed dishes, prepared meals, shopped for groceries, and did her own laundry); *Wolfe v. Comm'r of Soc. Sec.*, No. 6:11-cv-1316-Orl-DAB, 2012 WL 3264916, at *6 (M.D. Fla. Aug. 10, 2012) (finding that the ALJ erred by considering evidence in assessing claimant's credibility that the claimant went grocery shopping, prepared meals, and performed household chores); *see also Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("Nor do we believe that participation in everyday activities of short duration, such as housework . . . disqualifies a claimant from disability or is inconsistent with the limitations recommended by . . . treating physicians.").

In summary, while the ALJ articulated reasons in support of her credibility determination, her reasons either were not explicit enough, thereby frustrating the Court's ability to determine whether those reasons supported the ALJ's determination and are supported by substantial evidence, or did not provide an adequate basis to discredit the Claimant's allegations.  As such, the Court cannot say that the ALJ's credibility determination is supported by substantial evidence. Accordingly, the case must be reversed and remanded for further proceedings to allow the ALJ to "articulate explicit and adequate reasons" in support of her credibility determination.  *See, e.g.*, *Howell*, 2011 WL 4002557, at \*5 (reversing due to ALJ's failure to provide a meaningful explanation for his credibility determination).

## B.  Other Issue on Appeal

In light of the foregoing, the Court declines to rule on the Claimant's remaining argument challenging the ALJ's consideration of Dr. Ansari's opinion that the Claimant required standing rest breaks every hour for 5-10 minutes and a sit-stand workstation (R. 420, 438, 448, 472, 651).  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V.    Conclusion

Accordingly, it is **ORDERED** that:

1.  The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2.  The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Janet Mahon
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-8338